Gretchen M. Nelson (SBN 112566)
Gabriel B. Barenfeld (SBN 224146)
Jacob H. Mensch (SBN 268006)
**KREINDLER & KREINDLER LLP**
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017
Telephone: (213) 622-6469
Facsimile:  (213) 622-6019
gnelson@kreindler.com
gbarenfeld@kreindler.com
jmensch@kreindler.com

James E. Miller (SBN 262553)
Karen M. Leser-Grenon (SBN 231189)
**SHEPHERD, FINKELMAN,**
**MILLER & SHAH LLP**
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile:  (860) 526-1120
jmiller@sfmslaw.com
kleser@sfmslaw.com

James C. Shah (SBN 260435)
Natalie Finkelman Bennett
**SHEPHERD, FINKELMAN,**
**MILLER & SHAH LLP**
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile:  (610) 891-9883
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

*Attorneys for Plaintiff and Proposed*
*Class*
*(Additional Plaintiffs' Counsel Listed on*
*Signature Page)*

Valerie E. Torres (SBN 223011)
**LATHAM & WATKINS LLP**
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone:  (619) 236-1234
Facsimile:  (619) 696-7419
valerie.torres@lw.com

Rebecca M. Couto (SBN 248019)
**LATHAM & WATKINS LLP**
355 South Grand Ave.
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
rebecca.couto@lw.com

Mark S. Mester (*pro hac vice*)
Livia M. Kiser (*pro hac vice*)
Kathleen P. Lally (*pro hac vice*)
**LATHAM & WATKINS LLP**
233 South Wacker Drive, Suite 5800
Chicago, IL  60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
mark.mester@lw.com
livia.kiser@lw.com
kathleen.lally@lw.com

*Attorneys for Defendant American Honda*
*Motor Co., Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION – LOS ANGELES

PAUL H. SCHUMER, On Behalf of
Himself and All Others Similarly Situated,

                   Plaintiff,

        vs.

AMERICAN HONDA MOTOR CO.,
INC.,

                   Defendant.

Case No. CV10-3639-GAF(JEMx)

CLASS ACTION

**STIPULATED PROTECTIVE ORDER**

Complaint Filed:  May 14, 2010

1         The parties to the above-captioned lawsuit possess information related

2 to the subject matter of this action that is confidential, and they recognize that in

3 the course of discovery proceedings, it may be necessary to disclose such

4 information.  Much of this information is, in turn, protected as trade secrets (as

5 defined in Cal. Civ. Code § 3426.1, which is expressly incorporated herein by

6 reference, and as set forth in further detail below) and confidential business and

7 other information or is otherwise protected by law.  Accordingly, each party

8 wishes to ensure that such information shall be subject to appropriate safeguards

9 and shall not be used for any purpose other than the proceedings in this case.

10         Pursuant to Federal Rule of Civil Procedure 26(c), to protect the trade

11 secrets and confidential business and other information of the parties and related

12 third parties, the parties to this action, by and through their respective counsel,

13 hereby stipulate to the following protective order for the protection of confidential

14 information, documents and other things produced or given as part of the

15 disclosure, discovery or litigation process in this action ("Protective Order").

16         IT IS HEREBY ORDERED THAT:

17     1.     ***Application Of This Protective Order***.  All information, testimony,

18 things or documents filed with the Court or produced or given (either by a Party or

19 by a non-party) as part of discovery in this action shall be governed by this

20 Protective Order, including without limitation all transcripts, exhibits, answers to

21 interrogatories, copies thereof, other documents and things, and all information

22 otherwise obtained from a party pursuant to discovery and/or trial in this litigation

23 that any party designates as "CONFIDENTIAL" or "CONFIDENTIAL –

24 ATTORNEYS' EYES ONLY" (hereafter, collectively referred to as "Covered

25 Matter").

26     2.     ***Confidential Designation***.  A party or non-party (the "Designating

27 Party") may designate as "CONFIDENTIAL" the whole or portion of any

28 document or thing that the Designating Party reasonably believes in good faith in

1    accordance with Fed. R. Civ. P. 26(c) contains confidential information, including

2    but not limited to research, development, product design, financial, technical,

3    marketing, surveys, product planning, personal and/or commercial information not

4    readily available to the public.

5         3.    ***Confidential – Attorneys' Eyes Only Designation***.  A Designating

6    Party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the

7    whole or that portion of any confidential information that the Designating Party

8    reasonably believes in good faith in accordance with Fed. Civ. P. 26(c) contains

9    highly sensitive information that, if disclosed to a competitor, would or may cause

10   competitive harm, including but not limited to any (a) trade secrets, as that term is

11   defined in Cal. Civ. Code §3426.1, (b) confidential or competitively sensitive

12   research, development, financial or commercial information, or (c) highly sensitive

13   personal information (such as credit information, addresses and/or social security

14   numbers).  In addition, for confidential information that American Honda Motor

15   Co., Inc. ("American Honda") in good faith reasonably believes contains especially

16   sensitive information, the disclosure of which to a competitor would likely result in

17   harm to American Honda, American Honda shall further designate such

18   confidential information as "COMPETITIVELY SENSITIVE."

19        4.    ***Designating And Marking Covered Matter***.  Confidential Matter to

20   be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

21   ONLY" pursuant to this Protective Order shall be designated and marked as

22   follows:

23        A**.**    ***Documents***:  Documents may be designated as

24   "CONFIDENTIAL" by placing on each page the following legend (or equivalent

25   thereof) on any such document:  "CONFIDENTIAL."  Documents may be

26   designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by placing on

27   each page the following legend (or equivalent thereof) on any such document:

28   "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

STIPULATED PROTECTIVE ORDER

3

B.     ***Magnetic Or Optical Media Documents***:  The parties agree that for materials on magnetic or optical media (such as floppy diskette, CD or DVD), the medium container and the medium itself shall both be marked or labeled with the appropriate confidentiality notice as described in Paragraph 4(A) above, and the contents thereof shall be treated in accordance with this Order.  To the extent that any party prints any of the information contained on magnetic or optical media that is designated as Covered Matter, such printouts will be marked as described in Paragraph 4(A) above.

C.     ***Physical Exhibits***:  The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Paragraph 4(A) above.

D.     ***Written Discovery***:  In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality designation as described in Paragraph 4(A) above shall be placed on each answer or response that contains Covered Matter.

E.     ***Deposition Proceedings***:  Whenever Covered Matter is to be disclosed in a deposition, prior to making such disclosure, the party proposing to do so shall inform the witness on the record that the use of such information is subject to the terms of this Protective Order.  If any person other than the witness is present at the deposition and does not come within the categories of persons defined in Paragraphs 9 or 10 of this Protective Order, that person shall not be permitted to be present while Covered Matter is used during the deposition. Notwithstanding the foregoing, Attorneys shall not be precluded from examining a witness concerning any material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the record reveals that the deponent or witness authored that material or previously received that material in the normal course of business.

F.     ***Designation Of Transcripts:***  The attorney for any party or

STIPULATED PROTECTIVE ORDER

4

third party shall designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by making such designation on the record during the deposition.  The portions designated during the deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be separated and treated as provided in Paragraphs 2 or 3 of this Protective Order (as appropriate) and shall be fully subject to the relevant provisions of this Protective Order.  Transcripts that are not so designated on the record shall nevertheless be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until thirty (30) days after receipt of the deposition transcript by counsel for the witness during which period counsel for the witness may designate those portions of the deposition transcript (including exhibits) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as appropriate).  All portions of any deposition transcript not designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be free from the provisions of this Protective Order.

    5.    ***Inadvertent Misdesignation***.  A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or marks an item with an incorrect designation of confidentiality) at the time of production shall not be deemed to have waived in whole or in part any claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter.  Any such material shall be correctly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as soon as reasonably possible after the Designating Party becomes aware of the incorrect designation.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item appropriately marked.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked (or incorrectly marked) items and all copies thereof.

STIPULATED PROTECTIVE ORDER

6.  ***Challenging Designation Of Covered Matter***.  A party may challenge the designation of Covered Matter only as follows:

A.  If a party believes that material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not in fact the proper subject matter for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation. The parties shall then attempt to resolve such dispute in good faith on an informal basis.

B.  If the parties are unable to resolve their dispute informally, then the person challenging the designation (the "Challenging Party") may request appropriate relief from the Court.  It shall be the burden of the Designating Party to establish that the contested Covered Matter is confidential and/or is entitled to the level of confidentiality selected by the Designating Party.  In any event, unless and until a Court ruling is obtained changing a designation, or the Designating Party agrees otherwise in writing, the material involved shall be treated according to its existing designation.

**LIMITATIONS ON USE AND DISCLOSURE OF COVERED MATTER**

7.  ***Use Of Covered Matter***.  All material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only for the purposes of this lawsuit and not for any other litigation, business or other purposes whatsoever.  All Covered Matter designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used by the party or parties to whom the information is produced solely for the purposes of this case.  Unauthorized use of Covered Matter includes, but is not limited to, disclosure of such materials to the public as inclusion in pre- or post-termination publicity regarding the litigation and disclosure of such materials to any person who is not authorized by Paragraphs 9 and 10 to have access to such

materials.  No Covered Matter shall be disclosed to any person who is currently employed or retained by a competitor and participates in (a) competitive decision making, which is defined as activities, association, and relationship with a client that are such as to involve counsel's advice or participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding  information about a competitor or (b) patent prosecution activities that are materially related to the defect alleged to be at issue in the litigation.   For purposes of this Protective Order, "patent prosecution activities" include, without limitation: invention identification; invention evaluation; the decision whether to file a patent application for an invention; preparation of and/or amendments to original, continuation, divisional, continuation in-part, request for continued examination, reexamination, reissue, substitute, renewal, or convention applications; claim drafting; or consultation on any of the above activities. Notwithstanding any provision in this agreement, unauthorized use of Covered Matter does not encompass materials that (a) were in the recipient's possession before receipt from the discloser, (b) are or become publicly known without breach by the recipient, (c) are rightfully received by the recipient from a third party without a duty of confidentiality, (d) are disclosed by the discloser to a third party without a duty of confidentiality on the third party, (e) are independently developed or learned by the recipient or (f) are disclosed by the recipient with the discloser's prior written approval.

8.     ***Use of Covered Matter During Court Proceedings***.  In the event that any Covered Matter is used in any pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments or hearings), the Covered Matter shall not lose its status as Covered Matter through such use.  For the purposes of hearings on motions, designation or citation in the briefs of Covered Matter shall be considered to be sufficient notice to a party with respect to information and documents referenced therein.  Otherwise, no fewer than twenty-four ((24) hours

STIPULATED PROTECTIVE ORDER

1  prior to such pre-trial proceeding, the party intending to use Covered Matter shall
2  notify the Designating Party of its intention to use such material.  The party
3  seeking to use the Covered Matter shall take all steps reasonably required to
4  protect the confidentiality of the Covered Matter during such use, subject to the
5  approval of the Court.  The parties agree to meet and confer in good faith to
6  establish procedures, in accordance with this Court's standing orders, for the use of
7  Covered Matter at any pre-trial proceeding and/or at trial (if any).  When using any
8  Covered Matter in pre-trial proceeding in this litigation, the parties shall comply
9  with L.R. 79-5 and this Court's standing orders.

10      9.      ***Disclosure Of "Confidential – Attorneys' Eyes Only" Materials***.
11  Covered Matter designated as "CONFIDENTIAL – ATTORNEYS' EYES
12  ONLY" shall not be given, shown, made available or communicated in any way to
13  anyone other than:

14          A.      ***Counsel***.  In-house counsel and outside counsel of record
15          ("Outside Counsel") for the respective parties to this litigation,
16  including necessary secretarial, clerical and litigation support or copy service
17  personnel assisting such counsel.

18          B.      ***Consultants And Experts***.  Consultants or expert witnesses
19  retained specifically for the prosecution or defense of this litigation, provided that
20  each such person has been cleared in accordance with the procedures set forth in
21  Paragraph 11 below.

22          C.      ***Judicial Personnel***.  The Court, Court personnel and Court
23  reporters in connection with this action

24          D.      ***Designated Representatives***.  Designated representatives who
25  are employees or officers of any named party to the litigation, provided that each
26  designated representative executes, before receiving the disclosure, a copy of the
27  Certification attached to this Protective Order as Exhibit A.

28

STIPULATED PROTECTIVE ORDER

E.    ***Witnesses***.  Witnesses where at least one of the following conditions applies:

i.    The witness is a current employee of the Designating Party;

ii.    The attorney taking the deposition and showing the witness the material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY represents the Designating Party;

iii.    The witness's name appears on the material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY as a person who has previously seen or had access to the material or it is otherwise established that the witness has previously seen or had access to the material or knows the information contained within it;

iv.    The Designating Party has consented on the record of the deposition to the showing of the material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY to the witness; or

v.    CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY material may be disclosed to a person, not already allowed access to such information under this Order if:  (a) the information was previously received or authored by the person; (b) the information was authored or received by a director, officer, employee or agent of the entity for which the person is testifying as a Rule 30(b)(6) designee; or (c) counsel for the Designating Party agrees in writing or on the record that the material may be disclosed to the person. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed, and the person to whom the Covered Matter is disclosed shall execute the undertaking attached hereto as Exhibit A.

vi.    At least five (5) days before a deposition, a party wishing to show a witness not falling within the categories set forth in Paragraph 9,

1  material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY shall notify

2  the Designating Party of that desire, with a specific listing of the material

3  designated CONFIDENTIAL – ATTORNEYS' EYES ONLY to be so shown.

4  The Designating Party shall have five (5) days to object in writing to such

5  showing, and if an objection in writing is made, such material will not be shown to

6  the witness until and unless the party wishing to show the material designated

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY to the witness moves for and

8  obtains appropriate relief from the Court upon good cause shown.

9                  vii.    Witnesses being shown material designated

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY under subparagraphs (E)(1)-(5)

11  shall not be allowed to retain copies of the material.  A witness who was shown

12  material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY during a

13  deposition, however, may review the material while reviewing his or her transcript,

14  provided that any material designated CONFIDENTIAL – ATTORNEYS' EYES

15  ONLY is not retained by the witness after he or she has completed his or her

16  review of the transcript for accuracy.

17       10.   ***Disclosure Of "Confidential" Materials.***  Covered Matter designated

18  as CONFIDENTIAL may be revealed to the persons designated in Paragraph 9

19  above, as well as to designated representatives who are employees or officers of

20  any named party to the litigation, provided that each designated representative

21  executes, before receiving the disclosure, a copy of the Certification attached to

22  this Order as Exhibit A.  The procedures set forth in Paragraph 9 above shall also

23  be applicable to materials designated CONFIDENTIAL.

24       11.   ***Clearing Of Consultants And Experts To See Designated Materials***.

25  Prior to the disclosure to a consultant or expert witness of documents that have

26  been designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

27  EYES ONLY,  the party wishing to make the disclosure shall cause the

28  Consultant/Expert to execute the Consultant/Expert Certification form attached

hereto as Exhibit B.  Disclosure may be made to consultants, investigators, or experts (collectively, "Experts") employed or retained by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit subject to the restrictions set forth below.  Neither CONFIDENTIAL nor HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material shall be disclosed to any Experts who are current employees of a direct competitor of Defendant as set forth on Exhibit C ("Direct Competitor").  With respect to Experts who were employed by a Direct Competitor within one (1) year from the date of this Order, CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material may be shared with those Experts only after counsel for Defendant is given at least twenty (20) days prior written notice of the identity of the Expert to whom such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed (including his or her name, address, current job title and the names of any Direct Competitors by which he or she has been employed), are afforded an opportunity to object to the disclosure of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material, and a resolution to any such objection has been reached. Notwithstanding paragraphs set forth above regarding signing this agreement, CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material may be provided to Experts only for the purpose of aiding, assisting, or allowing such Expert to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this litigation.  The parties agree that non-testifying Experts identified pursuant to this Paragraph 11 will not be deposed or contacted, formally or informally, by the party to whom disclosure of their identity is made.  Exhibit C is inadmissible in this or any other action except for the sole purpose of enforcing Paragraph 11 of this Protective Order.

    12.  ***Submission Of Covered Matter To The Court***.  All documents of any nature (including without limitation exhibits, briefs, affidavits, motions, etc.) that

1    are filed with the Court for any purpose and that contain CONFIDENTIAL or

2    CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be filed in

3    sealed envelopes or other sealed containers marked with the title of this

4    proceeding, and identifying each document and thing therein and bearing a

5    statement substantially in the following form:

6
7
     **THIS DOCUMENT CONTAINS MATERIALS THAT ARE CONFIDENTIAL OR CONFIDENTIAL – ATTORNEYS' EYES ONLY AND COVERED BY A PROTECTIVE ORDER.**

8    When submitting any Covered Matter to the Court, the parties shall comply with

9    L.R. 79-5.

10         13.    ***Protecting Covered Matter.***   Any person who receives any Covered

11    Matter shall maintain such material in a secure and safe area and shall exercise due

12    and proper care with respect to the storage, custody, use and/or dissemination of

13    such material.   No copies of any Covered Matter shall be made except to the extent

14    necessary for litigation.   If the duplicating process by which copies of Confidential

15    Information are made does not reproduce the CONFIDENTIAL or

16    CONFIDENTIAL – ATTORNEYS' EYES ONLY stamp appearing on the

17    original, all copies shall be stamped with the original CONFIDENTIAL or

18    CONFIDENTIAL – ATTORNEYS' EYES ONLY designation.   All copies of

19    CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY

20    information shall be kept in secure areas of the offices of attorneys of record or

21    experts who are consulted concerning this matter.   Documents contained on

22    magnetic or optical media which are printed out by the receiving party shall be

23    labeled with the same designation in which they were produced in paper format

24    and as designated on the media itself.   No persons other than those listed in

25    Paragraphs 9 and 10 may make or cause to be made any copies of Covered Matter.

26         14.    ***Improper Disclosure Of Covered Matter.***   If any Covered Matter is

27    disclosed to any person other than in a manner authorized by this Protective Order,

28    the party responsible for the disclosure or knowledgeable of such disclosure, upon

STIPULATED PROTECTIVE ORDER

1    discovery of the disclosure, shall immediately inform the Designating Party of all

2    facts pertinent to the disclosure that, after due diligence and prompt investigation,

3    are known to the party responsible for the disclosure or knowledgeable of the

4    disclosure (including without limitation the name, address and employer of the

5    person to whom the disclosure was made), and shall immediately make all

6    reasonable efforts to prevent further disclosure by each unauthorized person who

7    received such information.

8          15.    ***Conclusion Of Litigation***.   All provisions of this Protective Order

9    restricting the communication or use of Covered Matter shall continue to be

10   binding after the conclusion of this action, unless otherwise agreed or ordered.

11   Upon conclusion of the litigation, including the running of any time to appeal or to

12   move for relief under Fed. R. Civ. P. 59 or 60 and the conclusion of any appeals or

13   motions for relief under Fed. R. Civ. P. 59 or 60, a party in possession of Covered

14   Matter shall destroy all such Covered Matter within the time period upon consent

15   of the Designating Party and certify in writing within thirty (30) days that the

16   documents have been destroyed.  Notwithstanding anything to the contrary above,

17   the parties and their Outside Counsel shall be entitled to retain one copy of the

18   pleadings and correspondence in the action for their files, provided that they return

19   or destroy all exhibits to such pleadings or correspondence that have been

20   designated as Covered Matter.

21         16.    ***Attorney-Client Privilege And Work Product Protections***.   If

22   information is produced in discovery that is subject to a claim of privilege or of

23   protection as trial-preparation material, the party making the claim may notify any

24   party that received the information of the claim and the basis for it.  After being

25   notified, a party must promptly return, sequester, or destroy the specified

26   information and any copies it has and may not use or disclose the information until

27   the claim is resolved.  Nothing in this paragraph shall prevent the receiving party

28   from challenging the propriety of the attorney-client privilege or work product

1  immunity or other applicable privilege or immunity designation by submitting a

2  written challenge to the Court, although all parties agree not to argue that

3  disclosure itself constitutes a waiver of any applicable privilege.

4  <u>**GENERAL PROVISIONS**</u>

5  17.   ***Jurisdiction***.   Any person receiving Covered Matter under the terms

6  of this Protective Order hereby agrees to subject himself or herself to the

7  jurisdiction of this Court for purposes of any proceedings relating to the

8  performance under, compliance with or violation of this Protective Order.

9  18.   ***No Admissions.***   Unless the parties stipulate otherwise, evidence of

10  the existence or nonexistence of a designation under this Protective Order shall not

11  be admissible for any purpose, and adherence to this Protective Order in no way

12  constitutes an admission by any party that any information designated pursuant to

13  this Protective Order is or is not proprietary, confidential or a trade secret.  Further,

14  nothing herein shall be deemed to waive any applicable privilege or work-product

15  protection or to affect the ability of a party to seek relief for an inadvertent

16  disclosure of material protected by privilege or work-product protection or to affect

17  any party's right to use its own documents and its own Covered Matter in its sole

18  and complete discretion.  In addition, adherence to this Protective Order in no way

19  constitutes a waiver of any party's right to object to any discovery requests or

20  admission of evidence on any grounds or to affect any party's right to seek an

21  order compelling discovery with respect to any discovery request.

22  19.   ***Use Of The Protective Order.***   This Protective Order is for the sole

23  purpose of facilitating discovery in the above-styled and numbered cause, and the

24  Covered Matter obtained under the protection of this Protective Order may only be

25  used for this case.  It is expressly ordered that this Protective Order will not in any

26  manner be disclosed to the jury in the above-styled and numbered cause.  It is

27  further ordered that this Protective Order will not be used in any manner or form

28  (direct or indirect) as evidence in any trial or any hearing or be referred to in any

STIPULATED PROTECTIVE ORDER

1  trial or any hearing on the merits of the case, except in a hearing that involves

2  issues related to the enforcement of any provision of this Protective Order.  It is

3  further ordered that this provision is absolutely and completely essential to this

4  Protective Order and that this paragraph is not severable from any remaining

5  paragraph or provision of this Protective Order.

6       20.   ***Modification Of Protective Order***.  Any party for good cause may

7  apply to the Court for a modification of this Protective Order.  In the event such an

8  application is made, the parties shall be bound by the terms of this Protective Order

9  unless and until it is modified by the Court.

10

11       IT IS SO ORDERED:

12  Dated:  November 15, 2010

13  John E. McDermott
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

Stipulated and Agreed Upon By:

DATED:  November 10, 2010                    Respectfully submitted,

COUNSEL FOR PLAINTIFF PAUL H.        COUNSEL FOR DEFENDANT
SCHUMER                                            AMERICAN HONDA MOTOR CO., INC.

By:   /S/ Gretchen M. Nelson              By:   /S/ Valerie E. Torres

Gretchen M. Nelson (SBN 112566)        Valerie E. Torres (SBN 223011)
Gabriel B. Barenfeld (SBN 224146)      **LATHAM & WATKINS LLP**
Jacob H. Mensch (SBN 268006)           600 West Broadway, Suite 1800
**KREINDLER & KREINDLER LLP**          San Diego, CA 92101
707 Wilshire Boulevard, Suite 4100     Telephone:   (619) 236-1234
Los Angeles, CA 90017                  Facsimile:    (619) 696-7419
Telephone: (213) 622-6469              valerie.torres@lw.com
Facsimile:    (213) 622-6019
gnelson@kreindler.com                  Rebecca M. Couto (SBN 248019)
gbarenfeld@kreindler.com               **LATHAM & WATKINS LLP**
jmensch@kreindler.com                  355 South Grand Ave.
                                       Los Angeles, CA 90071
James E. Miller (SBN 262553)           Telephone:  (213) 485-1234
Karen M. Leser-Grenon (SBN 231189)     Facsimile:    (213) 891-8763
**SHEPHERD, FINKELMAN,**               rebecca.couto@lw.com
**MILLER & SHAH LLP**
65 Main Street                         Mark S. Mester (*pro hac vice*)
Chester, CT 06412                      Livia M. Kiser (*pro hac vice*)
Telephone: (860) 526-1100              Kathleen P. Lally (*pro hac vice*)
Facsimile:    (860) 526-1120           **LATHAM & WATKINS LLP**
jmiller@sfmslaw.com                    233 South Wacker Drive, Suite 5800
kleser@sfmslaw.com                     Chicago, IL  60606
                                       Telephone:    (312) 876-7700
James C. Shah (SBN 260435)             Facsimile:    (312) 993-9767
Natalie Finkelman Bennett              mark.mester@lw.com
**SHEPHERD, FINKELMAN,**               livia.kiser@lw.com
**MILLER & SHAH LLP**                  kathleen.lally@lw.com
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880              ***Attorneys for Defendant American Honda***
Facsimile:    (610) 891-9883           ***Motor Co., Inc.***
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

Rose F. Luzon (SBN 221544)
**SHEPHERD, FINKELMAN,**
**MILLER & SHAH LLP**
401 West A Street, Suite 2350
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile:    (619) 234-7334
rluzon@sfmslaw.com

STIPULATED PROTECTIVE ORDER

1

Mark F. Anderson (SBN 44787)
**ANDERSON, OGILVIE & BREWER
LLP**
600 California Street, 18th Floor
San Francisco, CA 94108
Telephone: (415) 651-1950
Facsimile:   (415) 956-3233
mark@aoblawyers.com

*Attorneys for Plaintiff and Proposed Class*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

Exhibit A

**<u>Certification Concerning Material Covered By Stipulated Protective Order</u>**

   I, the undersigned, hereby certify that I have read and understand the attached Stipulated Protective Order entered in *Paul H. Schumer v. American Honda Motor Co., Inc.*  I understand that Covered Matter being provided to me is governed by the terms of the Protective Order. I understand that Covered Matter is not to be reviewed by persons who are employed or retained by a competitor and who engage (1) in patent prosecution activities (including inventors), or (2) competitive decision making, as defined as activities, association, and relationship with a client that are such as to involve counsel's advise or participation in any or all of the client's decisions (pricing, product design, etc) make in light of similar or corresponding information about a competitor except as provided for in this Protective Order, and I hereby certify that if I am such a person, I will decline  to receive such material.  I agree to be bound by the terms of the Protective Order and to submit to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Covered Matter to anyone other than persons specifically authorized by the Order or use the Covered Matter for any purpose other than this case. I will maintain all such Covered Matter including copies, notes, or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Covered Matter including copies, notes, or other transcriptions made therefrom to the counsel from whom I received such materials.

   I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties:

_____

Dated: _____      Signature _____

Exhibit B

**CONSULTANT EXPERT CERTIFICATION**

1
2
3     I, the undersigned, hereby certify I have read the attached Stipulated
4  Protective Order entered in *Paul H. Schumer v. American Honda Motor Co., Inc.*  I
5  understand that Covered Matter is being provided to me pursuant to the terms of
6  this Protective Order.  I understand the terms of this Protective Order.  I agree to be
7  bound by such terms and to submit to the personal jurisdiction of the United States
8  District Court for the Central District of California with respect to any proceeding
9  related to the enforcement of this Protective Order, including any proceedings
10 related to contempt of Court.  I will not disclose Covered Matter to anyone other
11 than persons specifically authorized by the Protective Order or use the Covered
12 Matter for any purpose not appropriate or necessary to my participation in this
13 case.  I will maintain all such Covered Matter including copies, notes, or other
14 transcriptions made therefrom in a secure manner to prevent unauthorized access to
15 it.  I will return the Covered Matter including copies, notes, or other transcriptions
16 made therefrom to the counsel from whom I received such materials.

17     I certify that I am not engaged in business as a competitor of any
18 person or entity currently a party to this action.  If, at any time after I execute this
19 Consultant Certification and during the pendency of the Action, I become engaged
20 in business as or for a competitor of any person or entity currently a party to this
21 action, I will promptly inform the attorneys for the party who retained me in this
22 action, and I will not thereafter review any Covered Matter marked
23 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
24 unless and until the Court in the action orders otherwise.

25     I declare under penalty of perjury that the foregoing is true and
26 correct.

27
28

STIPULATED PROTECTIVE ORDER

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties:

_____

Dated: _____        Signature _____

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit C

**LIST OF MOTORCYCLE MANUFACTURERS/COMPETITORS**

Yamaha
Suzuki
Kawasaki
Ducati
BMW
Zero Motorcycles
Harley Davidson
Aprilia
Cobra
MV Agusta
Royal Enfield
Victory
Ural America
Vento Motorcycles
Triumph
Kymco
Hyosung
KTM
Piaggio

CH\1198328.4